IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 6:24-CR-03019-BCW-12 |
| JON KURTIS SMITH, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Government's Motion for Revocation of Release Order. (Doc. #298). The Court, being duly advised of the premises, grants said motion.

On October 1, 2024, Defendant was charged by Second Superseding Indictment with Count 1, Conspiracy to Distribute 50 Grams or More of Methamphetamine (Actual) and 400 Grams or More of a Mixture or Substance Containing a Detectable Amount of Fentanyl, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; and Count 2, Conspiracy to Commit Money Laundering under 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h). (Doc. #198). On October 16, 2024, a detention hearing was held before Magistrate Judge Brooks G. Severson of the District Court for the District of Kansas. Judge Severson ordered that Defendant be released on his own personal recognizance; however, this order was stayed to allow the Government to file the instant motion. Defendant has since remained in custody.

The Government asks the Court to review and revoke the order of release, arguing that Defendant poses both a danger to the community and a flight risk. (Doc. #298). The Government notes that the U.S. Probation Office also recommends detention on both grounds. The Government argues every factor under 18 U.S.C. 3142(g) favors detention. First, the Government argues the nature and circumstances of the offense favor detention because Defendant is charged with

1

"conspiring to distribute dangerous and addictive drugs, including methamphetamine and fentanyl" in large quantities. Id. at 4. Second, the Government argues the weight of the evidence is overwhelming. Third, the Government argues the history and characteristics of Defendant favor detention because he has limited employment, he has actively engaged in additional crimes, he admitted taking deliveries of drugs to his home, he has several convictions for crimes of dishonesty, and he was previously convicted of killing someone (voluntary manslaughter). Fourth, the Government argues the danger posed by Defendant to the community is reflected by "the volume of drugs he was pushing," and he will be motivated to flee the jurisdiction if he is released. Id. at 5.

Defendant argues he has rebutted the presumption for detention and asks the Court to affirm Judge Severson's order. (Doc. #354). Defendant states that he has significant ties to the community, he is employed as a master electrician, and his employer has invited him back upon release. Defendant also reports that he lives with his wife and eight children, and he does not have a passport. Defendant argues that he does not pose a danger to the community because his most recent conviction was in January 2010, almost 15 years ago. Defendant also argues he has demonstrated his ability to comply with any conditions the Court may impose, as evidenced by his successful post-conviction compliance.

A district court reviews a magistrate judge's order of pretrial release de novo. United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985); United States v. Cook, 87 F.4th 920, 924 (8th Cir. 2023). In reviewing the order, the Court must engage in the same analysis as the magistrate judge: the Court must determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. Maull, 773 F.2d at 1482; 18 U.S.C. § 3142(f). "[E]ither danger to the community or risk of flight

is sufficient to authorize detention." United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (cleaned up).

Under 18 U.S.C. § 3142(e), in certain scenarios a rebuttable presumption arises in favor of detention. This includes when a judicial officer finds there is probable cause to believe the defendant committed an offense under the Controlled Substances Act for which there is a maximum term of imprisonment of ten years or more. 18 U.S.C. § 3142(e)(3)(A). When the presumption applies, the defendant bears a limited burned of production to come forward with evidence that he/she does not pose a danger to the community or a risk of flight. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003). The parties do not dispute that the presumption for detention applies to Defendant in this case. (Docs. #298 at 2, #354 at 2).

The Court finds that Defendant has not put forth sufficient evidence to rebut the presumption in favor of detention, and the § 3142(g) factors weigh in favor of detention. The circumstances that existed at the time of the alleged conduct would remain the same if Defendant were released, including Defendant's work and home life. Moreover, the Government has established that Defendant poses a danger to the community for the reasons articulated above, and there are no conditions that could reasonably eliminate that risk. The Court also agrees that the severity of the charges and the weight of the evidence against Defendant provide strong motivations for him to flee. Since there is no condition or combination of conditions that will reasonably assure the appearance of Defendant and the safety of any other person and the community, the Court grants the Government's motion. Accordingly, it is hereby

ORDERED the Government's Motion for Revocation of Release Order (Doc. #298) is GRANTED and the Magistrate's order of release is REVERSED. It is further

ORDERED that the defendant be and is hereby detained without bail. It is further

ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: January 10, 2025 /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT